## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In the Matter of Tax Indebtedness of:

JOETTE M. ERNST,

Defendant.

Case No. 16-cv-3843 (RHK/TNL)

**ORDER APPROVING AN INTERNAL REVENUE SERVICE LEVY UPON AND SEIZURE OF A PRINCIPAL RESIDENCE**

This matter was initiated upon the United States' Petition for Judicial Approval of Levy upon Principal Residence, (ECF No. 1), and accompanying Declaration of IRS Revenue Officer Jeffrey Wagner, (ECF No. 3). Through the Petition, the Internal Revenue Service seeks to levy and seize Ernst's interest in real property located at 848 Mendakota Court, Mendota Heights, Minnesota 55120 (the "Mendota Property")[1] to satisfy her unpaid federal tax income liabilities.

Following the filing of the Petition, the Court issued a Notice and Order to Show Cause, (Notice and Order to Show Cause, ECF No. 4), providing notice to Joette M. Ernst of the Petition. Ernst was notified that she had 30 days from November 15, 2016 to serve written objections to the Petition. (Notice and Order to Show Cause, at 1–2). Ernst was notified that failure to file an objection would result in the Court entering an order approving the Petition. (Notice and Order to Show Cause, at 2). Ernst was personally served by an IRS Revenue Officer with the Notice and Order to Show Cause on

---

[1] The Mendota Property is legally described as:
Lot One (1), Block Two (2), Mendakota Estates, according to the recorded plat thereof, Dakota County, Minnesota.

November 17, 2016 at 1:11 p.m. at her business, Castro's Collision Center, Inc., in St. Paul, Minnesota. (ECF No. 5). On January 3, 2017, the United States moved for an order requesting that the Court approve its Petition. (ECF No. 6).

Under 28 U.S.C. § 6334(a)(13)(B), principal residences are exempt from levy. A principal residence "shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence." 28 U.S.C. § 6334(e)(1)(A). To obtain such approval, the United States must file a petition "demonstrating that the underlying liability has not been satisfied, the requirements of any applicable law or administrative procedure relevant to the levy have been met, and no reasonable alternative for collection of the taxpayer's debt exists." 26 C.F.R. § 301.6334-1(d)(1). "Unless the taxpayer files a timely and appropriate objection, the court would be expected to enter an order approving the levy of the principal residence property." *Id.* at § 301.6334-1(d)(2).

In the Petition, the Internal Revenue Service seeks to levy and seize Ernst's principal residence, the Mendota Property. As stated in the Petition, for tax years 2009 through 2013, Ernst filed federal income tax returns in which she reported owing federal income taxes. She subsequently failed to pay the amount owed. A delegate of the Secretary of the Treasury made federal income tax, interest, and penalty assessments against Ernst as follows:

| Tax Period | Assessment Date | Assessed Tax, Penalties & Interest | Unpaid Balance as of November 7, 2016 |
|---|---|---|---|
| 2009 | August 23, 2010 | Tax - $22,602.00<br>Penalty - $386.30<br>Interest - $221.71 | $8,717.87 |
| 2010 | July 18, 2011 | Tax - $22,419.00<br>Penalties - $603.98<br>Interest - $155.30 | $21,293.25 |
| 2012 | June 3, 2013 | Tax - $15,526.00<br>Penalties - $139.28<br>Interest - $46.12 | $15,766.29 |
| 2013 | June 2, 2014 | Tax - $15,059.00<br>Penalties - $271.85<br>Interest - $39.86 | $13,721.21 |
| | | **TOTAL** | **$59,498.62** |

In the Petition, the Internal Revenue Service also asserts that Ernst owns Castro's Collision Center, Inc., an auto repair shop. Castro's Collision Center, Inc. failed to pay over to the United States federal income and Federal Insurance Contributions Act (FICA) taxes, which include Social Security and Medicare taxes, withheld from the wages of its employees for certain tax periods between 2007 and 2013. A delegate of the Secretary of the Treasury made federal income tax, interest, and penalty assessments against Ernst, pursuant to 26 U.S.C. § 6672,[2] as follows:

---

[2] 26 U.S.C. § 6672(a) provides that:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

3

| Civil Penalty Period (Ending) | Assessment Date | Assessed Penalty | Unpaid Balance as of November 7, 2016 |
|---|---|---|---|
| September 30, 2007 | May 14, 2014 | $6,994.47 | $7,779.63 |
| June 30, 2009 | May 14, 2014 | $6,933.28 | $7,515.20 |
| September 30, 2009 | May 14, 2014 | $7,379.70 | $7,999.08 |
| December 31, 2009 | May 14, 2014 | $9,110.61 | $9,875.27 |
| June 30, 2010 | May 14, 2014 | $5,755.84 | $6,238.95 |
| September 30, 2010 | May 14, 2014 | $7,500.95 | $8,130.51 |
| December 31, 2010 | May 14, 2014 | $12,109.74 | $13,126.13 |
| March 31, 2011 | May 14, 2014 | $6,971.93 | $7,557.09 |
| June 30, 2011 | May 14, 2014 | $6,812.82 | $7,384.63 |
| September 30, 2011 | May 14, 2014 | $8,195.05 | $8,882.88 |
| December 31, 2011 | May 14, 2014 | $9,102.11 | $9,866.05 |
| March 31, 2012 | May 14, 2014 | $3,792.79 | $4,111.12 |
| June 30, 2012 | May 14, 2014 | $6,735.02 | $7,300.29 |
| September 30, 2012 | May 14, 2014 | $5,563.63 | $6,030.58 |
| December 31, 2012 | May 14, 2014 | $6,363.77 | $6,897.88 |
| March 31, 2013 | May 14, 2014 | $3,687.47 | $3,996.95 |
| June 30, 2013 | May 14, 2014 | $9,036.14 | $9,794.56 |
| September 30, 2013 | November 17, 2014 | $10,344.28 | $11,237.11 |
| December 31, 2013 | November 17, 2014 | $10,551.25 | $11,262.41 |
| | | TOTAL | $154,986.32 |

The Petition asserts that the Internal Revenue Service gave Ernst notices of the assessments and made demands for payments on or about the dates of each of the assessments, but Ernst has failed to pay the outstanding federal income taxes and civil penalties in full. Because Ernst did not pay these assessments, pursuant to 26 U.S.C. § 6321, they became "a lien in favor of the United States upon all property and rights to

4

property, whether real or personal, belonging to" Ernst. The Internal Revenue Service filed notices of these liens with the Dakota County Recorder on or about July 15, 2014, September 30, 2014, and December 16, 2014. As of November 7, 2016, the United States, through the Petition, asserts that Ernst remains indebted in a total amount of $212,585.05.[3]

Based on the foregoing, all the record, files, and proceedings herein, and the lack of objections filed, **IT IS HEREBY ORDERED** as follows:

1. The United States' Motion for Entry of Order Approving IRS Levy Upon and Seizure of Principal Residence, (ECF No. 6), and the United States' Petition for Judicial Approval of Levy upon Principal Residence, (ECF No. 1), are **GRANTED** as follows: The Internal Revenue Service may levy upon and seize Joette Ernst's interest in the property located at 848 Mendakota Court, Mendota Heights, Minnesota 55120 to satisfy part or all of her unpaid 2009, 2010, 2012, and 2013 federal income tax liabilities and unpaid 26 U.S.C. § 6672 civil penalty liabilities, plus interest according to law. This Order may be executed by any authorized officer of the Internal Revenue Service.

2. A copy of this Order shall be served upon Joette Ernst within 14 days of the date of this Order, by the United States Marshal or any deputy U.S. Marshal, or any Revenue Officer of the Internal Revenue Service, by delivering a copy in hand to Joette Ernst or

---

[3] The Court notes that the requested amount of $212,585.05 is lower than the sum of Ernst's individual income tax assessments—$59,498.62—and Ernst's § 6672 liabilities—$154,986.32—as described in the Petition—$214,484.94.

by leaving a copy at her dwelling or usual place of abode with a person of suitable age and discretion residing therein, or by some other manner of service described in Rule 4(e)(1) of the Federal Rules of Civil Procedure. The United States shall then file an affidavit of service describing its service efforts.

3.  All prior consistent orders remain in full force and effect.

4.  Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

5.  The Clerk of Court shall close this proceeding.


Date: January 20, 2017                              *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *United States v. Joette Ernst*
                                                    Case No. 16-cv-3843 (RHK/TNL)


6